IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | No. CR-15-245-02-C |
| | ) | CIV-17-1143-C |
| SHARON DIANE LITTLE, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct her sentence. In her Motion, Defendant raises eight claims asserting each entitle her to relief. Seven of her claims are premised on allegations that her counsel was ineffective in various ways, while the remaining claim challenges her sentence.

Defendant's ineffective assistance claims are as follows: 1) her attorney represented that her residence would be subject to a restitution hearing and not property seized if she pleaded guilty; 2) counsel failed to raise objections to the Pre-Sentence Report; 3) counsel forced her to sign the plea agreement; 4) her attorney did not represent her at sentencing but left the representation to her co-defendant's attorney; 5) her attorney told her the AUSA had agreed to drop the enhancement based on USSG § 2D1.1(b)(1); 6) her attorney did not produce evidence of money transactions by a third party; and 7) her attorney did not challenge the enhancements.

To prevail on an ineffective assistance of counsel claim, Defendant must demonstrate that her counsel performed deficiently and that the performance prejudiced

the petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Because Defendant pleaded guilty, she must also offer some evidence or argument that "'there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.'" Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (citation omitted). Defendant has not even offered the "necessary but insufficient" allegation that but for counsel's errors she would have insisted on a trial. See United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993). After examining the facts and circumstances surrounding this matter, the Court is persuaded that even had Defendant's counsel taken a different path on the issues raised by Defendant, it would not have impacted Defendant's decision to forgo trial by pleading guilty. Accordingly, Defendant has failed to demonstrate her counsel was ineffective on this issue.

Finally, Defendant argues that she was entitled to a reduction in sentence because of her minor role in the offense. To the extent this claim can be construed as challenging the effectiveness of counsel, it is resolved by the above analysis. To the extent it is a challenge of an incorrect application of the sentencing guidelines, it is improperly brought in this collateral attack. 18 U.S.C. § 3742(a)(2) (held unconstitutional on other grounds) requires this challenge to be brought first on direct appeal. "'[Section] 2255 is not available to test the legality of matters which should have been raised on appeal.'" United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992) (quoting United States v. Khan, 835 F.2d 749, 753 (10th Cir. 1987)). Defendant did not file a direct appeal challenging these

issues, and Plaintiff has raised the procedural bar. Thus, absent a demonstration of cause and prejudice or a miscarriage of justice, Defendant is barred from raising them now. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994):

> When a defendant fails to challenge his sentence on direct appeal but subsequently attempts to do so under § 2255, the courts may take one of several courses of action. First, if the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown.

Defendant has offered no argument or evidence on the cause/prejudice or miscarriage of justice issue. Therefore, the Court finds her challenges to the manner in which her sentence was determined to be procedurally barred.

Even if the claim was not procedurally barred, it fails on its facts. The facts presented during the sentencing of Defendant and her co-defendant reveal that both played a significant role in the offense and that both enjoyed the benefits of their criminal enterprise. Thus, Defendant cannot establish facts demonstrating she was entitled to a reduction based on her minor role. Consequently, she cannot demonstrate error in counsel's failure to request the reduction.

Because a decision can be made on basis of the record before the Court, no hearing is necessary on Defendant's arguments regarding ineffective assistance of counsel. See United States v. Mota, Nos. 11-40047-09-JAR, 13-4130-JAR, 2014 WL 2772924, *2 (10th Cir. June 19, 2014).

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. Nos. 140, 1) is denied. A separate judgment will issue.

IT IS SO ORDERED this 1st day of December, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge